IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL W. WARD, #278 654, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-CV-814-MHT |
| | ) | [WO] |
| ADOC COMMISSIONER, | ) | |
| JEFFERSON DUNN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this removal action Plaintiff challenges the provision of his medical and mental health care during his incarceration at the Bullock Correctional Facility. Doc. 1-4. On January 4, 2018, the court directed Defendants to file an answer and written report addressing Plaintiff's claims for relief. In compliance with the court's order, Defendants submitted answers and written reports which contained relevant evidentiary materials refuting the allegations in the complaint. Docs. 9, 21, 27 & 29. Upon review of these reports, the court issued an order directing Plaintiff to file a response to Defendants' answers and written reports. Doc. 30. The order advised Plaintiff that his failure to respond to the reports would be treated by the court "as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action." Doc. 30 at 2. The order "specifically cautioned [Plaintiff] that [his failure] to file a response in compliance with the directives of this order" would result in the dismissal of this civil action. Doc. 30 at 2.

The time allotted to Plaintiff for filing a response in compliance with the directives of the court's April 24, 2018 order expired on May 15, 2018. As of the present date, Plaintiff has failed to file a response in opposition to Defendants' written reports. The court, therefore, concludes that this case should be dismissed.

The court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate. After this review, the court concludes that dismissal is the proper course of action. Plaintiff is an indigent individual so the imposition of monetary or other punitive sanctions against him would be ineffectual. And Plaintiff's inaction in the face of Defendants' reports and evidentiary materials refuting his claims suggests he does not seek to proceed with this case. It, therefore, appears that any additional effort by this court to secure his compliance would be unavailing. Consequently, the court concludes that Plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned); *see also Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For these reasons, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice.

It is further ORDERED that **on or before July 23, 2018**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the

findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE on this 9th day of July, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE